UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
WILLIAM M. DANIELS,                                    Chapter 7
        DEBTOR.                             Case No. 07-14988-WCH
_____

WARREN E. AGIN, CHAPTER 7
TRUSTEE,
        PLAINTIFF,
                                                       Adversary Proceeding
v.                                                     No. 09-1276

WILLIAM M. DANIELS,
        DEFENDANT.
_____

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

      The matter before the Court is the "William Daniels Motion for Relief From Judgment" (the "Motion") filed by William M. Daniels (the "Debtor") through which he seeks relief from a judgment entered on June 16, 2011 (the "Judgment"), ordering him to turnover his interest in a profit sharing plan and two individual retirement accounts to Warren E. Agin (the "Trustee"), the Chapter 7 trustee of his estate, based upon excusable neglect and newly discovered evidence. Although the Debtor has requested oral argument with respect to the Motion, I find it unnecessary. For the reasons set forth below, I will deny the Motion.

**II. JURISDICTION**

      Before considering the merits of the Motion, I note that the Debtor took an appeal of the Judgment to the United States District Court for the District of Massachusetts, where it remains

1

pending.[1] Under normal circumstances, the filing of a notice of appeal "'transfers jurisdiction from the Bankruptcy Court to the Appellate Court with regard to matters involved in the appeal and divest [sic] the Bankruptcy Court of jurisdiction to proceed further with such matters.'"[2] Nevertheless, the United States Court of Appeals for the First Circuit has articulated a narrow exception for motions filed under Fed. R. Civ. P. 60(b):

> Our rule is thus as follows: when an appeal is pending from a final judgment, parties may file Rule 60(b) motions directly in the district court without seeking prior leave from us. The district court is directed to review any such motions expeditiously, within a few days of their filing, and quickly deny those which appear to be without merit, bearing in mind that any delay in ruling could delay the pending appeal. If the district court is inclined to grant the motion, it should issue a brief memorandum so indicating. Armed with this, movant may then request this court to remand the action so that the district court can vacate judgment and proceed with the action accordingly.[3]

Therefore, I not only have jurisdiction to review and, to the extent appropriate, deny, the Motion, I must do so expeditiously.[4]

## III. BACKGROUND

My Memorandum of Decision dated June 16, 2011, is hereby incorporated by reference (the "Decision").[5] In broad strokes, in or about 1988, the Debtor established the "William M.

---

[1] *See Daniels v. Agin*, Case No. 1:11-cv-11688-DJC (J. Casper).

[2] *In re Crane Rental Co., Inc.*, No. 05-43338-JBR, 2006 WL 771716 *1 (Bankr. D. Mass. Mar. 27, 2006) (*quoting In re Kendrick Equip. Corp.*, 60 B.R. 356, 358 (Bankr. W.D. Va. 1986). *See Watson v. Boyajian (In re Watson)*, 403 F.3d 1, 6 (1st Cir. 2005); *Whispering Pines Estates, Inc. v. Flash Island, Inc. (In re Whispering Pines Estates, Inc.)*, 369 B.R. 752, 757 (B.A.P. 1st Cir. 2007); *Needham Street Inv. Trust v. FBI Distrib. Corp. (In re FBI Distrib., Corp.)*, 267 B.R. 655, 656 (B.A.P. 1st Cir. 2001); *Braunstein v. McCabe (In re The McCabe Group, P.C.)*, No. 07-1191, 2010 WL 1416504 *2 (Bankr. D. Mass. Apr. 5, 2010).

[3] *Com. of Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39, 42 (1st Cir. 1979) (footnote omitted).

[4] I note that despite an approaching briefing deadline in the district court, the Debtor did not seek emergency determination of the Motion.

[5] *See Agin v. Daniels (In re Daniels)*, 452 B.R. 335 (Bankr. D. Mass. 2011).

2

Daniels Profit Sharing Plan" (the "Profit Sharing Plan").[6] In addition to being the sole participant in the Profit Sharing Plan, the Debtor was also its the trustee, administrator, and employer.[7] Although the details are not relevant to this matter, in the Decision, I found that the Profit Sharing Plan was not in substantial compliance with applicable tax law and therefore, the funds held therein could not be exempted from the bankruptcy estate.[8]

Six months prior to filing his bankruptcy petition, the Debtor transferred funds from the Profit Sharing Plan into two individual retirement accounts (the "IRAs").[9] The IRAs were funded with $272,000 and $197,894, respectively, comprised exclusively of funds rolled over from the Profit Sharing Plan.[10] No additional funds were ever contributed.[11]

On his schedules, the Debtor disclosed the Profit Sharing Plan, which he valued at $748,179, and claimed it as fully exempt.[12] He did not, however, disclose the existence of the IRAs or that he had transferred approximately $470,000 from the Profit Sharing Plan.[13] As his case was converted from Chapter 13 to Chapter 11 and finally to Chapter 7, the Debtor attended three meetings of creditors held pursuant to 11 U.S.C. § 341. Only at the first, held on September 25, 2007, did the Debtor reference any IRA. Specifically, when asked, "[s]o you're the trustee . . . and the only beneficiary in this profit sharing plan," the Debtor responded "[y]es

---

[6] *Id.* at 339.

[7] *Id.*

[8] *Id.* at 347-351.

[9] *Id.* at 343.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

3

ma'am, which is an IRA, qualified ERISA."[14] On its face, the Debtor's response did not disclose the existence of the IRAs, but seemingly sought to re-characterize the Profit Sharing Plan as an IRA.

After objecting to the Debtor's claim of exemption in the Profit Sharing Plan, the Trustee commenced this adversary proceeding seeking its turnover and injunctive relief to prevent any dissipation of the asset.[15] I granted the preliminary injunction on September 9, 2009.[16] On March 15, 2010, the Debtor filed an expedited motion for partial relief from the injunction, stating that he decided to retire and sought authority to either liquidate or "re-allocat[e]" funds held in the Profit Sharing Plan into an IRA.[17] Once again, the Debtor did not disclose the existence of the IRAs or that he had already moved funds from the Profit Sharing Plan.[18] Nonetheless, I denied the motion on March 17, 2010.[19]

Shortly thereafter, the Trustee learned of the prior dissipation of the Profit Sharing Plan and through further investigation, discovered the existence of the IRAs.[20] On June 22, 2010, he moved to amend his complaint to include the IRAs.[21] On March 8, 2011, the Trustee moved for summary judgment, asserting, inter alia, that the Debtor was not entitled to claim an exemption

---

[14] *Id.* at 343-344.

[15] *Id.* at 344.

[16] *Id.* I note that the injunction was later modified by agreement of the parties on September 17, 2009.

[17] *Id.*

[18] *Id.* Although not referenced in the Decision, I note that in June of 2009, the Debtor transferred funds from one of the IRAs into a new account with Prudential. Statement of Material Undisputed Facts, Docket No. 94 at ¶ 42. The Debtor does not dispute that this transfer occurred. *See* Statement Opposing Trustee's Statement of Facts, Docket No. 108 at ¶ 42.

[19] Due to a scrivener's error, the Decision reflects that the motion was denied on March 15, 2010.

[20] *In re Daniels*, 452 B.R. at 344-345.

[21] *Id.* at 345.

in the IRAs due to his failure to disclose them.[22] The Debtor opposed.[23] Although the Debtor is represented by Attorney Richard J. Cohen ("Attorney Cohen") in his bankruptcy case, Attorney Timothy J. Burke ("Attorney Burke") filed the opposition to the motion for summary judgment (the "Opposition").

In the Decision, I concluded that turnover of the IRAs was appropriate for two reasons. First, because I had already determined that the funds from the Profit Sharing Plan were not tax exempt, I held that the funds transferred from it into the IRAs remained subject to taxation and were property of the estate.[24] Second, even assuming that the IRAs were otherwise exempt, I found that the Debtor would still be barred from claiming an exemption in the IRAs due to his failure to disclose their existence.[25] Specifically, I stated that:

> Debtor's counsel characterizes the failure to disclose existence of the IRAs as a mere "mistake" arising from a "misunderstanding" of what kind of funds were held. Nevertheless, the Debtor is a sophisticated businessman who has managed the affairs of the Profit Sharing Plan for over twenty years and personally arranged the transfer of funds to the IRAs prior to filing his bankruptcy petition. Over the three and a half years that this case has been pending before me, the Debtor failed to take advantage of numerous opportunities to disclose existence of the IRAs. The Debtor not only failed to list the IRAs on his schedules, but also failed to disclose existence of the IRAs at three meetings of creditors, an examination pursuant to Federal Rule of Bankruptcy Procedure 2004, in various pleadings and motions, and in numerous depositions, hearings, and discovery requests. Furthermore, in the Expedited Motion for Partial Relief, the Debtor moved for authority to either liquidate or "re-allocat[e]" funds from the Profit Sharing Plan into IRAs when in fact he had already done so approximately six months prior to filing his bankruptcy petition. *Rising above a failure to disclose, the Debtor and Debtor's counsel actively misrepresented material facts both in the Expedited Motion for Partial Relief and in a hearing on the matter. These actions do not characterize a mere "mistake." Rather, they signify a pattern of*

---

[22] *Id.*

[23] *Id.*

[24] *Id.* at 351 (citing *In re Swift*, 124 B.R. 475, 485 (Bankr. W.D. Tex. 1991) and *In re Banderas*, 236 B.R. 837, 840 (Bankr. M.D. Fla. 1998)).

[25] *Id.* (*citing Wood v. Premier Capital, Inc. (In re Wood)*, 291 B.R. 219 (B.A.P. 1st Cir. 2003)).

> *bad faith concealment that spans the entire three and a half years of the Debtor's bankruptcy case. Therefore, I would alternatively find that the Debtor is barred from claiming the property as exempt and must turn over the funds currently held in the IRAs to the Trustee for administration in the bankruptcy proceeding.* Because the Debtor is not entitled to claim an exemption in either the Profit Sharing Plan or the IRAs, amending his bankruptcy schedules would be of no consequence.[26]

Accordingly, I granted the Trustee's motion for summary judgment.

After unsuccessfully seeking reconsideration, the Debtor appealed the Judgment to the district court on August 22, 2011. On December 29, 2011, Attorney Burke filed the Motion on the Debtor's behalf.

## IV. POSITION OF THE PARTY[27]

Through the Motion, the Debtor requests relief from the Judgment due to excusable neglect and newly discovered evidence. Noting that "a central issue in this matter has been whether the debtor William Daniels . . . had any involvement in the series of errors which have been made in the filings with the Court,"[28] he apparently seeks relief from the italicized portion of the above quoted passage of the Decision wherein I found that he "actively misrepresented material facts" and engaged in "a pattern of bad faith concealment."[29]

In support, the Debtor states that while preparing an opposition to the United States Trustee's Motion for Summary Judgment in a separate adversary proceeding,[30] "it was learned

---

[26] *Id.* (footnotes omitted) (emphasis added).

[27] In light the First Circuit's requirement that I address the Motion "expeditiously," I did not afford the Trustee an opportunity to respond prior to the entry of this Memorandum. Because I find the Motion lacks merit, the Trustee was not prejudiced.

[28] William Daniels Memorandum in Support of His Motion for Relief From Judgment (the "Memorandum"), Docket No. 162 at p. 1.

[29] *In re Daniels*, 452 B.R. at 351.

[30] On July 1, 2010, the United States Trustee commenced an adversary proceeding seeking revocation of the Debtor's discharge pursuant to 11 U.S.C. § 727(d)(1) due to his failure to disclose his interest in three IRAs. *See Harrington v. Daniels*, Adv. P. No. 10-1180. On November 3, 2011, the United States Trustee filed a motion for

6

that Mr. Daniels had sent a letter to his bankruptcy counsel requesting that he correct mistakes in . . . the . . . Expedited Motion for Partial Relief, that was to be filed with the Court" (the "Letter").[31] He contends that in conjunction with the "previously discussed evidence," including his testimony from the first meeting of creditors and his deposition testimony from December 10, 2010,[32] this new evidence establishes that the Debtor did not effectuate a fraud, particularly as his Schedule C – Property Claimed as Exempt ("Schedule C") always reported the full value of the retirement assets.[33] The Debtor also references a copy of Schedule B – Personal Property ("Corrected Schedule B"), with hand written corrections dated August 6, 2007, that was attached as part of his "Affidavit of December 12, 2011."[34] This affidavit, however, considerably post-dates the Judgment.[35] I have reviewed the record in the present adversary proceeding and Corrected Schedule B was not an exhibit to the Opposition. As such, I will construe the Motion to suggest that this too is newly discovered evidence.

The primary thrust of the Debtor's argument is that he is not responsible for what I found to be a pattern of misrepresentation and concealment because he informed Attorney Cohen of the errors in both his schedules and the motion for partial relief from the injunction and otherwise relied on Attorney Cohen's legal expertise to accurately report his assets to the Court. Indeed, he

---

summary judgment, asserting that, based upon my findings in the Decision, the United States Trustee is entitled to judgment as a matter of law under principals of collateral estoppel. The motion for summary judgment is presently scheduled for hearing on January 13, 2012.

[31] Memorandum, Docket No. 162 at p. 2.

[32] I fail to see how the Debtor's disclosure of the IRAs in a deposition held nearly six months after the Trustee discovered them and amended his complaint evidences his good faith.

[33] *Id.*

[34] *Id.*

[35] It appears that this affidavit was actually filed in response to the United States Trustee's motion for summary judgment. *See Harrington v. Daniels*, Adv. P. No. 10-1180, Docket No. 30.

7

contends that the "inartful filings [of Attorney Cohen] arise from issues beyond the client's control."[36] The Debtor relies on *Heyman v. M.L. Marketing Co.*[37] for the proposition that when a "party is blameless, his attorney's negligence qualifies as a 'mistake' or as 'excusable neglect' under Rule 60(b)(1)."[38] He also cites *United States v. Moradi*[39] and *Cashner v. Freedom Stores, Inc.*[40] in support of his contention that Attorney Cohen's imprecise filings can be considered excusable neglect.

In sum, the Debtor asserts that "[t]he Court [sic] comments in the [Decision], including its comments on the failure to amend the schedules, the filing of the Expedited Motion and other events, illustrates that its conclusion was based on incomplete evidence before it."[41]

## V. **DISCUSSION**

Fed. R. Civ. P. 60(b), which is made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024, provides in relevant part:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . .[42]

---

[36] *Id.* at p. 5.

[37] *Heyman v. M.L. Marketing Co.*, 116 F.3d 91 (4th Cir. 1997).

[38] *Id.* at 94 (*quoting Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988)).

[39] *United States v. Moradi*, 673 F.2d 725 (4th Cir. 1982).

[40] *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572 (10th Cir. 1996).

[41] Memorandum, Docket No. 162 at p. 9.

[42] Fed. R. Civ. P. 60(b)(1), (2).

A motion for relief from a final judgment filed under Fed. R. Civ. P. 60(b)(1) or (2) "must be made . . . no more than a year after the entry of the judgment."[43] The First Circuit has instructed that "relief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly."[44]

Despite being timely, the Motion is riddled with problems that prevent it from getting off the ground. Chief among these problems is that while the Debtor is more than happy to throw Attorney Cohen under the bus by asserting that Attorney Cohen's negligence resulted in me finding that he, though completely blameless, made misrepresentations to this Court and concealed assets in bad faith, he fails to address Attorney Burke's role in opposing summary judgment. The Debtor concedes that his involvement in these errors was "a central issue in this matter," but he did not argue in the Opposition that Attorney Cohen incorrectly scheduled his retirement assets despite his attempts to alert Attorney Cohen to the error. Put simply, before the Debtor can assert that Attorney Cohen's purported negligence constitutes "excusable neglect" under Fed. R. Civ. P. 60(b)(1), he must first address why Attorney Burke did not raise that argument in opposition to summary judgment.

Second, the Debtor's claim of excusable neglect, particularly at this stage when one must consider the involvement of Attorney Burke, falls flat. The First Circuit has "repeatedly held that the acts and omissions of counsel are customarily visited upon the client in a civil case."[45] Indeed, "[t]here are few tenets so well established in American jurisprudence as the proposition

---

[43] Fed. R. Civ. P. 60(c)(1).

[44] *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002); *see Cotto v. United States*, 993 F.2d 274, 278 (1st Cir. 1993); *Eastern Savs. Bank v. LaFata (In re LaFata)*, 344 B.R. 715, 723 (B.A.P. 1st Cir. 2006).

[45] *Hoult v. Hoult*, 57 F.3d 1, 5 (1st Cir. 1995).

that a client is bound by the mistakes of its chosen counsel."[46] Not only are the cases cited by the Debtor from other circuits, but nearly all are otherwise completely inapposite because they address situations where a *default judgment* entered against a blameless party solely on account of a blameworthy attorney.[47] Without question, the same equities are simply not at play after a an opposition to summary judgment has been filed on behalf of the party.[48]

Third, the Debtor's claim of "newly discovered evidence" is a nonstarter. The First Circuit has explained that "'[n]ewly discovered evidence' normally refers to 'evidence of facts in existence at the time of trial of which *the aggrieved party* was excusably ignorant.'"[49] Here, the aggrieved party, namely, *the Debtor*, was the author of the Letter and Corrected Schedule B and cannot credibly argue that he was unaware of them. It is irrelevant that Attorney Burke might not have been aware of these documents until after the Judgment. This fatal defect is telling, as I note that the Motion is devoid of any explanation why this evidence was unavailable and could not have been discovered through due diligence prior to entry of the Judgment.[50]

Fourth, even assuming, *arguendo*, that such evidence was actually "newly discovered," the knife cuts both ways—it proves that the Debtor was aware that his schedules were inaccurate and filed them anyway.

---

[46] *Chestnut v. City of Lowell*, 305 F.3d 18, 26 (1st Cir. 2002)

[47] *Heyman v. M.L. Marketing Co.*, 116 F.3d at 94; *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d at 811; *United States v. Moradi*, 673 F.2d at 727. The final case cited by the Debtor, *Cashner v. Freedom Stores, Inc.*, actually stands for the proposition that Fed. R. Civ. P. 60(b)(1) "is not available to provide relief when a party takes deliberate action upon advice of counsel and simply misapprehends the consequences of the action." 98 F.3d at 578.

[48] *See, e.g., Cashner v. Freedom Stores, Inc.*, 98 F.3d at 578.

[49] *Rivera v. M/T Fossarina*, 840 F.2d 152, 156 (1st Cir. 1988) (*quoting Brown v. Pa. R.R. Co.*, 282 F.2d 522, 526-527 (3d Cir. 1960)) (emphasis added).

[50] *Karak v. Bursaw Oil Corp.*, 288 F.3d at 19-20; *In re LeFata*, 344 B.R. at 724.

## VI. CONCLUSION

In light of the foregoing, I will enter an order denying the Motion.

*[signature: William C. Hillman]*

---

William C. Hillman
United States Bankruptcy Judge

Dated: January 5, 2012

Counsel Appearing:

    Timothy J. Burke, Burke & Associates, Braintree, MA,
        for the Debtor
    Richard J. Cohen, Richard J. Cohen, Esq., P.C., Centerville, MA,
        for the Debtor
    John G. Loughnane, Eckert Seamans, Boston, MA
        For the Chapter 7 trustee